UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREVOR CURTIS,

        Plaintiff,

v.

KOMATSU U.S. PENSION PLAN,
KOMATSU PENSION AND
INVESTMENT COMMITTEE,

        Defendants.

Case No. 20-cv-1611-bhl

## ORDER GRANTING MOTION TO DISMISS

Trevor Curtis worked for Komatsu Mining Corporation (Komatsu) for 45 years. On the day he retired—July 19, 2019—he received a "Retirement Kit" in the mail from the Komatsu Pension and Investment Committee (the Pension Committee). The materials included information about a certain "Additional Benefit" related to his pension plan. A week later Curtis received another Retirement Kit with the same Additional Benefit language. After receiving these Retirement Kits, Curtis contacted the Pension Committee and requested the Additional Benefit described in them. Soon thereafter a Komatsu benefits supervisor told Curtis that the Pension Committee had sent him the Additional Benefit information inadvertently and that the benefit did not pertain to his plan. When Curtis challenged this explanation and insisted on receiving the Additional Benefit, the Pension Committee denied his request and then rejected his appeal from that denial. ECF No. 16 at 5–11.

With his administrative remedies exhausted, Curtis filed a complaint, ECF No. 1, and an amended complaint, ECF No. 16, in this Court, claiming that the Komatsu U.S. Pension Plan (the Pension Plan) had unlawfully denied him the benefit guaranteed in the kits he received. Curtis alternatively claims that the Pension Committee breached its fiduciary duty to a class of similarly situated individuals who were participants and beneficiaries of the pension plan by telling them they were not entitled to receive the benefit. *Id.* Defendants have moved to dismiss. ECF No. 19.

For the reasons below, Defendants' motion will be granted and Curtis's amended complaint dismissed.

## FACTUAL BACKGROUND[1]

Curtis chose to continue his employment for about four years after his pension plan's "Normal Retirement Date." ECF No. 16 at 5. He also chose to delay the commencement date for his retirement benefits. *Id.* at 5, 7–8. Accordingly, after he eventually retired in July 2019 and his benefits commenced in January 2020, he was entitled to increased pension payments, certain enhanced benefits, and a lump sum of about $35,000. *Id.* at 7–9. None of these benefits are disputed.

In July 2019, Curtis received two Retirement Kits in the mail that described an "Additional Benefit." *Id.* at 5–7. The kits contained a document labeled "Komatsu U.S. Pension Plan Notice 1 – Descriptions of Payment Options." ECF No. 16-2 at 4–5; ECF No. 16-3 at 4–5. This document begins with the statement, "Please read carefully to make sure you understand the payment options available under the Plan." ECF No. 16-2 at 4. Later in the document is the following language, central to Curtis's claims:

> **Additional Benefit Due to Late Commencement –** an additional benefit will be payable to you because your Benefit Commencement Date is after your Normal Retirement Date. The Additional Benefit is the sum of payments which would have been made had you started the monthly benefit on your Normal Retirement Date, plus interest through your Benefit Commencement Date.

ECF No. 16-2 at 5; ECF No. 16 at 6. While some documents in the Retirement Kits are labeled "Information Only," *see, e.g.*, ECF No. 16-2 at 2, 3, the "Descriptions of Payment Options" document in which the "Additional Benefit" language appears does not contain such a label. *Id.* at 4–5.

Curtis first requested the Additional Benefit from the Pension Committee in July 2019. ECF No. 16 at 9. He spoke with Komatsu's Supervisor of Employee Benefits Kevin Tschudy, who told him that the Additional Benefit language did not apply to him. *Id.* at 9. Tschudy explained in an email that the language "should be adjusted to make it more applicable to the

---

[1] The Factual Background is derived from Curtis's amended complaint, the allegations in which are presumed true for purposes of Defendants' motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

specific retirement situation," and that it was "more geared to participants that terminated prior to age 65." *Id.* at 9.

Curtis submitted his benefit election form in August 2019. *Id.* at 10. He could not elect to receive the Additional Benefit described in the kits because the form did not provide him the option to do so. *Id.* He proceeded with his formal administrative claim for the Additional Benefit in October 2019. *Id.* The claim was denied in April 2020 and the appeal was denied in September. *Id.* at 10–11; ECF No. 16-5; ECF No. 16-6.

In Curtis's calculations, the Additional Benefit language indicates he is owed an additional $280,347 under his pension plan. ECF No. 16 at 10.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564–65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ANALYSIS

Curtis's first claim for relief, against the Pension Plan, is for unlawful denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). ECF No. 16 at 14–15. He argues that the Additional Benefit language in the Retirement Kits represents the terms of his pension plan and that the denial of this benefit is therefore unlawful. ECF No. 24 at 5–9. In response, Defendants argue that the Additional Benefit language was sent to Curtis errantly and did not constitute a part of the pension plan. ECF No. 20 at 9–12. They point out that the Plan Document itself "restates the Plan 'in its entirety,'" makes no mention of the Additional Benefit, and requires a "resolution of the Company's Board of Directors or the Plan Sponsor Committee" to be amended. ECF No. 20 at 10–11 (citing ECF No. 20-1 at 3, 11). A mistakenly included paragraph in ministerial summary documents, Defendants insist, cannot be construed as a resolution amending the Plan Document. ECF No. 20 at 10–11.

Courts have considered and rejected arguments similar to the one made by Curtis here, confirming that summaries and other documents sent to plan participants do not constitute amendments to the actual terms of a pension plan. In *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), the Supreme Court held that the "summary plan descriptions" that ERISA requires employers to send to employees do not constitute the terms of a pension plan. *Id.* at 437. Accordingly, a plaintiff cannot base a denial-of-benefits claim on an alleged failure to comply with such a summary; a denial-of-benefits claim must be based on a failure to comply with the actual terms of the plan itself. *Id.*; *see also Kauffman v. Gen. Elec. Co.*, No. 14-CV-1358, 2017 WL 2599884, at *1 (E.D. Wis. June 15, 2017) ("I dismissed this claim at the pleading stage because the terms of an SPD are not enforceable as the terms of a plan itself and plaintiffs did not allege that GE violated any plan terms.") (citing *Amara*, 563 U.S. at 436). Similarly, in *Sullivan v. CUNA Mutual Insurance Society*, 649 F.3d 553 (7th Cir. 2011), the Seventh Circuit, citing *Amara*, held that a plan beneficiary could not base a claim for benefits on the terms of "election forms," because such forms could not override the express terms of the formal pension plan. *Id.* at 558.

Curtis argues this case law is distinguishable because he is relying upon a "Descriptions of Payment Options" (DOPO) in the Retirement Kits. He highlights that this document is neither a summary plan description, like the document in *Amara*, nor an election form, like the document in *Sullivan*. ECF No. 24 at 5–9. In fact, the kits contain other documents labeled as "election forms," and the DOPO is not so labeled. *Id.* at 6, n. 4. He also points out that the DOPO refers to the Additional Benefit as being "under the Plan" and contends that this phrase distinguishes the document from summary plan descriptions and election forms. *Id.* at 5–9.

The Court agrees that the DOPO is a separate document in the Retirement Kit, distinct from other materials, including election forms, "information-only" forms, and forms that appear to summarize elements of Curtis's pension plan. *See* ECF No. 16-2. The DOPO functions as a summary of Curtis's payment options. *See id.* at 4–5. But this difference does not render the teachings of *Amara* or *Sullivan* inapplicable. Both *Amara*, 563 U.S. at 437, and *Sullivan*, 649 F.3d at 558, hold that documents containing simplified explanations about a pension plan cannot constitute or alter the terms of the plan. *See also Gordon ex rel. Gordon v. Chrysler Grp., LLC*, No. 2:16-CV-11239, 2018 WL 1006318, at *3–5 (E.D. Mich. Feb. 2, 2018), *report and recommendation adopted sub nom. Gordon ex rel. Gordon v. Chrysler Grp., LLC FCA US LLC-UAW Pension Plan*, No. 16-11239, 2018 WL 994225 (E.D. Mich. Feb. 21, 2018) (Where a pension

plan service provider sent to a plan participant's widow letters containing benefits information that the provider later described as inaccurate, the letters could not alter the terms of the pension plan.) (citing *Amara*, 563 U.S. at 438; *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 444 (6th Cir. 2010)). That the DOPO is distinct from the summary plan documents and election forms does not alter the principle that it is the plain terms of a pension plan that govern the benefits a retiree receives. *See Amara*, 563 U.S. at 435–36; *see also Gordon*, 2018 WL 1006318 at *5. The Plan Document here does not reference the Additional Benefit Curtis seeks. *See* ECF No. 20-1. Moreover, it provides that its terms can be amended only by formal resolution. *Id.* at 11. Because Curtis does not allege that the Retirement Kits included or were based on resolutions that amend the plan, his denial-of-benefits claim must be dismissed.

    Curtis's second claim, against the Pension Committee, is a class-action breach-of-duty-to-inform claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). ECF No. 16 at 15–17. "A claim for breach of fiduciary duty under ERISA requires the plaintiff to prove: (1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010) (citing *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 639 (7th Cir. 2007)). Curtis argues that the Pension Committee misrepresented the plan's terms to Curtis by telling him he was not owed the Additional Benefit.[2] ECF No. 24 at 11–14. Because the Court concludes that the Additional Benefit language does not constitute part of Curtis's pension plan, the Pension Committee's communications to Curtis that he was not owed the Additional Benefit were accurate and therefore not misrepresentations in violation of the fiduciary duty to inform. Curtis insists that Supervisor Kevin Tschudy's specific explanation about why the pension plan did not include the Additional Benefit could be nothing other than a lie. *Id.* at 12–14. It simply makes no sense, Curtis argues, to say that the Additional Benefit language was "geared to participants who terminated prior to

---

[2] In the amended complaint, Curtis sets forth several discernible theories as to how the Pension Committee misrepresented the plan's terms: (1) the Pension Committee omitted the Additional Benefit language from the Plan Document and other materials, ECF No. 16 at 16; (2) the Additional Benefit language misinformed plan participants about their benefits, *id.*; (3) the Pension Committee made false statements when it denied Curtis's benefits claim and his appeal, *id.* at 10–11; (4) the Pension Committee designed its pension determination system to lie to participants and interfere with their retirement security, *id.* at 9–10, *see also* ECF No. 24 at 11. Curtis seems to shift and narrow his argument in the opposition brief, focusing on the alleged misrepresentation that Tschudy lied to Curtis when he told him the Additional Benefit was not part of the plan's terms. ECF No. 24 at 11–14. In any event, all of these permutations fail, either because Curtis fails to allege a misrepresentation (given that he fails to state a claim that the Additional Benefit language was part of the plan's terms) or because he fails to allege a harm resulting from the misrepresentation. *See Kenseth*, 610 F.3d at 464.

age 65" when in fact the language specifically refers to individuals retiring after their "Normal Retirement Date"—presumably on or after their 65th birthdays. *Id.* But even assuming that Tschudy's explanation was flawed, his message to Curtis was undisputedly true—the Additional Benefit was not part of the pension plan. At most, Curtis alleges Tschudy misstated the reason why the Additional Benefit was not part of the plan. But he identifies no harm resulting from this purportedly deceptive explanation. This claim must therefore also be dismissed.

## CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 19, is **GRANTED**. Plaintiff's Amended Complaint, ECF No. 16, is **DISMISSED**. The Clerk of Court is directed to enter judgment for Defendants.

Dated at Milwaukee, Wisconsin on June 8, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge